**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Brandon M. Marvisi (State Bar No. 329798)
bmarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
TIFFANY & CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIFFANY & CO., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: 8:22-cv-01648<br><br>[*Removed from Orange Sup. Ct.,* Case No. 30-2022-01272211-CU-MT-CXC]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1446, 1453 AND 1711** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Tiffany & Co. ("Tiffany") hereby removes the state court action described below to this Court pursuant to 28 U.S.C. §§ 1446, 1453 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof, Tiffany states as follows:

## I.
## INTRODUCTION

1. On July 28, 2022, Plaintiff Annette Cody filed this lawsuit in the Superior Court for the State of California, County of Orange, styled as *Annette Cody v. Tiffany & Co.*, Case No. 30-2022-01272211-CU-MT-CXC (the "State Action"). The Complaint in the State Action asserts a cause of action for putative violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a).

2. Plaintiff served Tiffany with the Summons and Class Action Complaint on August 8, 2022.

3. On behalf of herself and the putative class, Plaintiff seeks, among other things, injunctive relief, statutory damages, costs of suit and attorneys' fees, and punitive damages. Compl., Prayer.

4. As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II.
## TIFFANY HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As stated above, Plaintiff

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

served Tiffany with the Summons and Class Action Complaint on August 8, 2022. Thus, Tiffany's Notice of Removal is timely because it is filed within 30 days of the date of service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

6. Venue lies in the United States District Court for the Central District of California because Plaintiff filed the State Action, which is now pending, in this District. *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Tiffany, which papers include the Summons and Class Action Complaint, are attached hereto as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Orange.

### III.
### REMOVAL IS PROPER BECAUSE THIS
### COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA

9. The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a State different from any defendant; and (iii) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

10. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same liberal pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). Tiffany easily meets that standard.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11. As set forth below, this is a putative class action in which, as alleged: (i) there are more than 100 members in Plaintiff's proposed class; (ii) Plaintiff and the members of the putative class have a different citizenship than Tiffany; and (iii) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The State Action Is a "Class Action" Under CAFA

12. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. Here, Plaintiff styles her Complaint as a "Class Action Complaint;" she specifically alleges that she is bringing the State Action "on her own behalf and on behalf of all other Californians similarly situated" (Compl. ¶ 1); she purports to set forth class action allegations under Section 382 of the California Code of Civil Procedure and Cal. Civ. Code § 1781 (*id.* ¶¶ 19-24); she contends a "class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient" (*id.* ¶ 24); and she seeks "an order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel" (*id.*, Prayer). Actions seeking class treatment in this manner are "class actions" under CAFA. *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 (S.D. Cal. 2018) ("Here, there is no dispute the present action is a 'class action' under CAFA, as the action contains class allegations under California Code of Civil Procedure § 382.").

### B. The Putative Class Consists of More than 100 Members

14. Plaintiff seeks to represent a class defined as: "All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent." Compl. ¶ 19.

15. The putative class consists of more than 100 individuals. Indeed, Plaintiff alleges she "believes the number to be in the tens of thousands, if not more." Compl. ¶ 20. Accordingly, the requirement of 100 or more class members is met.

### C. Minimal Diversity Exists

16. Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Duran v. Fernandez Bros., Inc.*, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015).

17. Tiffany avers that it is a Delaware corporation that has its principal place of business in New York, New York. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Tiffany, therefore is a citizen of both Delaware and New York for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); 28 U.S.C. § 1332(c)(1).

18. Under CAFA, minimal diversity exists if any member of the proposed class is a citizen of a State other than Delaware or New York. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 134 S. Ct. at 740; *Duran*, 2015 WL 7012884, at *3. CAFA's minimal diversity requirement is satisfied here.

19. Tiffany further avers that Plaintiff is a California citizen, thereby making her diverse from Tiffany. Indeed Plaintiff claims she "is an adult resident of Orange County, California." Compl. ¶ 7. Moreover, Plaintiff purports to represent a California Class consisting of "all other Californians similarly situated." *Id.* ¶ 1. Accordingly, at least one member of the proposed class is a citizen of a State other than Delaware or New York. Minimal diversity exists.

### D. The Amount-in-Controversy Requirement Is Satisfied

20. To establish CAFA's amount-in-controversy requirement, Tiffany "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 135 S. Ct. at 554.

21. Although Tiffany denies that Plaintiff or any putative class member suffered any cognizable injury as a result of the incident at issue, Plaintiff asserts causes of action for violations of CIPA § 631(a). Compl. ¶¶ 25-31.

22. In connection with the CIPA claim, Plaintiff seeks class wide damages for, among other things, "statutory damages of at least $2,500.00 per violation." Compl. ¶ 31. Taking as true Plaintiff's assertion that the Plaintiff's putative class includes "tens of thousands, if not more" (*id.* ¶ 20), CAFA's $5 million amount-in-controversy requirement is met.

**WHEREFORE**, Tiffany respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

Dated: September 6, 2022                                  **HUNTON ANDREWS KURTH LLP**

By:    /s/ Ann Marie Mortimer
       Ann Marie Mortimer
       Brandon Marvisi
       Attorneys for Defendant
       TIFFANY & CO.