**EXHIBIT A**

Electronically Filed by Superior Court of California, County of Orange, 07/28/2022 08:55:02 AM.
30-2022-01272211-CU-MT-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
Case 8:22-cv-01766 Document 1-2 Filed 09/26/22 Page 2 of 9 Page ID #:8

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TIFFANY & CO., a Delaware corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANNETTE CODY, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
751 W. Santa Ana Blvd., Santa Ana, CA 92701

**CASE NUMBER:**
*(Número)*
30-2022-01272211-CU-MT-CXC

Judge Peter Wilson

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660     Phone No.: (949) 706-6464

DATE: 07/28/2022     DAVID H. YAMASAKI, Clerk of the Court     Clerk, by _____ G. Ramirez _____ *G. Ramirez*, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

7

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and Proposed Class

Assigned for All Purposes
Judge Peter Wilson

CX-102

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated, | Case No.    30-2022-01272211-CU-MT-CXC |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631** |
| TIFFANY & CO., a Delaware corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | |

## INTRODUCTION

1.       Plaintiff Annette Cody ("Plaintiff") brings this class action on her own behalf and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of their electronic communications with Defendant's website, www.tiffany.com (the "Website").

2.       Unbeknownst to visitors to the Website, Defendant has secretly deployed "keystroke monitoring" software that Defendant uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all visitors to its Website.   Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping.

3.       Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over all causes of action asserted herein.

5.       Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

6.       Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## PARTIES

7.       Plaintiff Annette Cody is an adult resident of Orange County, California.

8.       Defendant is a Delaware corporation.   Defendant affects commerce within the state of California.

9.       The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

1   Complaint to reflect the true names and capacities of the DOE Defendants when such identities

2   become known.

3          10.     Plaintiff is informed and believes that at all relevant times, every Defendant was acting

4   as an agent and/or employee of each of the other Defendants and was acting within the course and

5   scope of said agency and/or employment with the full knowledge and consent of each of the other

6   Defendants.

7          11.     Plaintiff is informed and believe that each of the acts and/or omissions complained of

8   herein was made known to, and ratified by, each of the other Defendants.

9                                        **FACTUAL ALLEGATIONS**

10          12.     Without warning visitors or seeking their consent, Defendant has secretly deployed

11   wiretapping software on its Website.  This software allows Defendant to surreptitiously record every

12   aspect of a visitor's interaction with the Website, including keystrokes, mouse clicks, data entry and

13   other electronic communications.

14          13.     Defendant's actions amount to the digital equivalent of both looking over a consumer's

15   shoulder and eavesdropping on a consumer's conversation.  Defendant's conduct is not only illegal, it

16   is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a

17   respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very

18   concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which

19   companies gather, store, and exploit their personal data when they visit commercial websites.  *See*

20   https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

21          14.     Within the past year, Plaintiff visited Defendant's Website.  Plaintiff communicated

22   with a "person" that Plaintiff believed to be a human customer service representative.  In reality,

23   Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual

24   human that encourages consumers to share personal information.  At the same time, the Defendant

25   simultaneously records and stores the entire conversation using secretly embedded wiretapping

26   technology.

27

28

15.     Both the "chatbot" and "replay" technology were created by third party providers who license the technology to Defendant and with whom Defendant routinely shares the contents of the wiretapped communications.

16.     Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

17.     Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

18.     Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## **CLASS ALLEGATIONS**

19.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.**

20.     **NUMEROSITY**: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21.     **COMMONALITY**: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

b.   Whether Defendant violated CIPA based thereon;

c.  Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

d.  Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

e.  Whether Plaintiff and Class Members are entitled to injunctive relief.

22.  **TYPICALITY:** As a person who visited Defendant's Website and had her electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

23.  **ADEQUACY:** Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24.  **SUPERIORITY:** A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

25.  Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for

any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

*26.*     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at \*1 (9th Cir. May 31, 2022).

27.     The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's website to be tapped and recorded.

29.     At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

30.     Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

31.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.      An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.      An order declaring Defendant's conduct violates CIPA;

3.      An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4.      An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.      Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6.      Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7.      Prejudgment interest;

8.      Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9.      All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  July 27, 2022                    PACIFIC TRIAL ATTORNEYS, APC

                                         By: _____
                                         Scott. J. Ferrell
                                         Attorneys for Plaintiff